UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WAYNE N. COLLAMORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:16-cv-259-GZS |
| | ) | Docket nos. 2:10-cr-158-GZS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ON MOTION UNDER 28 U.S.C. § 2255**

Before the Court is Wayne Collamore's Amended Motion for sentencing relief under 28 U.S.C. § 2255, which was filed pro se on May 19, 2016, and amended through counsel on June 27, 2016 (ECF Nos. 23 and 30). The Government filed its Response opposing the Motion (ECF No. 33) on July 19, 2016, and Collamore filed a Reply (ECF No. 34) on August 14, 2016. The Government filed a Sur-Reply (ECF No. 39) on August 26, 2016, and Collamore filed a Response to the Sur-Reply (ECF No. 42) on September 19, 2016, both with leave of the Court. For the reasons briefly explained herein, the Court DENIES the Motion.

On March 23, 2011, the Court sentenced Collamore on two counts: (1) escape and (2) felon in possession of a firearm. On the escape count, the Court imposed the statutory maximum sentence of five years in prison. On the felon-in-possession count, the Court imposed a sentence of 210 months, to be served concurrently. Collamore is currently serving this sentence with an estimated release date of April 5, 2028.

At his 2011 sentencing, the Court calculated Collamore as having a total offense level of 30 and a criminal history category of VI, resulting in a guideline range of 160 to 210 months. This

range was then modified pursuant to U.S.S.G. § 5G1.1(c)(2) to 180 to 210 months, an upward adjustment reflecting the fifteen-year mandatory minimum sentence required under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which set the floor for Collamore's sentence.

In finding Collamore subject to ACCA, the Court looked to the following prior qualifying convictions (PSR ¶ 33):  (1) a November 24, 1971 Maine Breaking, Entering, and Larceny in the Nighttime conviction (PSR ¶ 42);  (2) a November 29, 1972 Maine Robbery conviction (PSR ¶ 44); (3) a July 28, 1977 Maine Burglary conviction (PSR ¶ 46); (4) another July 28, 1977 Maine Burglary conviction (PSR ¶ 47); (5) a February 1, 1977 Maine Burglary conviction (PSR ¶ 48); (6) another July 28, 1977 Maine Burglary conviction consisting of three separate burglary counts (PSR ¶ 49); and (7) a December 6, 2005 Maine Burglary conviction consisting of two separate burglary counts (PSR ¶ 61).

The Shepard-approved documents provided by the Government in connection with the pending motion provide the following additional information regarding Collamore's Maine convictions:

> **(1)** the November 24, 1971, Maine Breaking, Entering, and Larceny in the Nighttime conviction (PSR ¶ 42) was a conviction for violating 17 M.R.S.A. § 2103 by breaking and entering "the dwelling house of [the victim], a building where valuable things were then and there kept, and . . . steal[ing], tak[ing] and carry[ing] away two (2) stress flares . . . one (1) pair of pants . . . and one (1) pair of boots." (Gov't Ex. 6 (ECF No. 33-6).)
>
> **(2)** the November 29, 1972, Maine Robbery conviction (PSR ¶ 44) was a conviction for violating 17 M.R.S.A. § 3401 based on the allegation that Collamore "did by force and violence (by putting in fear), take [,] steal and carry away the property of [the victim], to wit, Fifty Dollars." (Gov't Ex. 1 (ECF No. 33-1).)
>
> **(3)** the July 28, 1977, Maine Burglary conviction (PSR ¶ 46) was a conviction for Class B burglary in violation of 17-A M.R.S.A. § 401 for his entry into "a dwelling place, the property of [the victims], knowing that he was not licensed or privileged to do so, with the intent to commit theft therein." (Gov't Ex. 2 (ECF No. 33-2).)
>
> **(4)** the July 28, 1977, Maine Burglary conviction (PSR ¶ 47) was a conviction for Class B burglary in violation of 17-A M.R.S.A. § 401 for his entry into "a dwelling place, the property of [the victim], knowing that he was not licensed or privileged to do so, with the intent to commit theft therein." (Gov't Ex. 3 (ECF No. 33-3).)

**(5)** the February 1, 1977, Maine Burglary conviction (PSR ¶ 48) was a conviction for Class B burglary in violation of 17-A M.R.S.A. § 401 for his entry into "the dwelling place of [the victims], knowing that he was not licensed or privileged to do so, with the intent to commit theft therein." (Gov't Ex. 4 (ECF No. 33-4).)

**(6)** the July 28, 1977, Maine Burglary conviction (PSR ¶ 49) consisted of three separate burglary counts, including a conviction for "Burglary (Armed) Class A" in violation of 17-A M.R.S.A. § 401 for "while armed with a firearm, enter[ing] a dwelling place, the property of [the victim], knowing that he was not licensed or privileged to do so, with the intent to commit theft therein." (Gov't Ex. 5 (ECF No. 33-5).)[1]

**(7)** the December 6, 2005, Maine Burglary conviction (PSR ¶ 61) consisted of two separate Class B burglary convictions in violation of 17-A M.R.S.A. § 401 each alleging entry into a different "dwelling place" of a named victim "with the intent to commit theft therein." (Gov't Ex. 7 (ECF No. 33-7).)

Collamore did not appeal his sentence. The pending petition is his first habeas petition. Following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) (Johnson II) and Mathis v. United States, 136 S. Ct. 2243 (2016), Collamore now argues that he no longer has the three requisite convictions for an increased sentence under ACCA. See Welch v. United States, 136 S. Ct. 1257, 1265 (2016). Specifically, he contends (1) that his Maine burglary convictions do not count as predicate convictions under ACCA's enumerated clause after Mathis "because the statute allows conviction for entry into non-building locations"; (2) the Maine robbery conviction does not count as a predicate conviction under ACCA's force clause; and (3) the Breaking, Entering, and Larceny in the Nighttime conviction does not count as an ACCA predicate under the enumerated clause because it "lack[s] the necessary elements of pre-entry intent." (ECF 30 at 3-4.)

This Court has recently had occasion to consider whether Mathis triggered a new one-year period for habeas relief under 28 U.S.C. § 2255(f)(3). Dimott v. United States, No. 2:16-cv-347-GZS, 2016 WL 6068114, at *2-3 (D. Me. Oct. 14, 2016), appeal docketed, No. 16-2289 (1st Cir.

---

[1] Although the PSR describes three counts (PSR ¶ 49), Government Exhibit 5 does not clearly indicate that there was more than one count of conviction (Gov't Ex. 5 (ECF No. 33-5)).

3

Oct. 25, 2016). In Dimott, this Court concluded that it did not. Id. This Court also concluded that Johnson II does not provide a basis to challenge the status of convictions that were deemed to fall within ACCA's enumerated clause, as opposed to the now-invalidated residual clause. Id. Further, this Court determined that even if it could consider a challenge to Maine burglary convictions based on Johnson II or Mathis, binding precedent in this Circuit establishes that Maine burglary convictions count as ACCA predicates under the enumerated clause. Id. at *3-4 (citing United States v. Duquette, 778 F.3d 314, 318 (1st Cir. 2015), cert. denied, 136 S. Ct. 262 (Oct. 5, 2015)). This reasoning applies equally to Collamore.

In short, Collamore's Maine burglary convictions still count as ACCA predicates. Because he has at least three valid Maine burglary convictions to support his sentencing under ACCA—in fact, the PSR pointed to at least five—he is not entitled to relief regardless of the status of his robbery and breaking and entering convictions, and the Court need not opine on those convictions.[2]

For the reasons just explained, the Court hereby DENIES Collamore's Amended Motion under 28 U.S.C. § 2255 (ECF Nos. 23 and 30). However, in accordance with Rule 11 of the Rules Governing Section 2255 Cases and 28 U.S.C. § 2253(c), the Court hereby issues a certificate of appealability finding that his Motion contains a substantial showing of the denial of a constitutional right.[3] Specifically, his Motion raises the following issues: (1) whether the retroactive application of Johnson II allows any petitioner serving an ACCA sentence to have his qualifying "violent felony" convictions re-examined even if those convictions appear to fall under the enumerated

---

[2] This Court has recently held, however, that Maine robbery is not categorically an ACCA predicate offense pursuant to the force clause. Jackson v. United States, No. 2:16-cv-187-GZS, 2016 WL 3167073, at *3 (D. Me. June 6, 2016), appeal docketed, No. 16-1921 (1st Cir. July 12, 2016). If Collamore's burglary convictions do not count as ACCA predicates, his one robbery conviction and one breaking and entering conviction pointed to in the PSR (PSR ¶ 33) would not be enough to qualify him for sentencing under ACCA.

[3] The Court notes that it similarly issued a certificate of appealability in Dimott. See Dimott, 2016 WL 6068114, at *4.

4

5

clause and, (2) if so, whether Collamore was unconstitutionally subjected to an increased sentence under ACCA based on Maine burglary convictions that do not qualify as generic burglaries given the locational element analysis found in Mathis.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 27th day of October, 2016.