## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:10-cr-00158-GZS |
| WAYNE COLLAMORE, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Upon the motion of the Defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the Motion (ECF No. 51), as well as the related motion for appointment of counsel (ECF No. 52) are DENIED after complete review of the motion on the merits.

**Factors Considered:**

In considering what qualifies as extraordinary and compelling, this Court has generally looked to U.S.S.G. § 1B1.13 & Application Note 1.[1] Applying these Guideline provisions, this Court explained in its Order to Show Cause (ECF No. 56), which the Court hereby incorporates into this Order, that it did not appear that Collamore qualified for a sentence reduction under the § 1B1.13 definition. In his Response to the Order to Show Cause (ECF No. 57), Defendant, who

---

[1] See, e.g., United States v. Estrella, No. 2:15-CR-00032-GZS, 2019 WL 6689897 (D. Me. Dec. 6, 2019) (denying motion for compassionate release). The Court notes that based on a renewed, post-pandemic motion for compassionate release, Estrella was granted compassionate release. See United States v. Estrella, No. 2:15-CR-00032-GZS (D. Me. June 16, 2020).

is 70 years old, provides an update on COVID-19 cases at his facility, seeks to clarify his various medical conditions, and asserts BOP has provided inadequate care for his conditions. He requests appointment of counsel to assist him with his request for release. He attaches a letter from his niece who recounts his difficult family history, his military service, and mental health issues, but also indicates her family is willing to provide housing and support to Collamore upon his release. Given his age, health status, and amount of time served, the Court acknowledges that Collamore's request can be considered under both the "medical condition of the Defendant" prong and the "age of the Defendant" prong of Application Note 1 to U.S.S.G. § 1B1.13.

Beyond those Guideline definitions of extraordinary and compelling reasons, the Court acknowledges that at least four circuits have now held that U.S.S.G. § 1B1.13 should not be viewed as limiting the reasons that the Court might consider extraordinary and compelling when a defendant brings a motion under 18 U.S.C. § 3582(c)(1)(A). See United States v. McCoy, --- F.3d ---, 2020 WL 7050097 (4th Cir. Dec. 2, 2020); United States v. Jones, --- F. 3d ---, 2020 WL 6817488 (6th Cir. Nov. 20, 2020); United States v. Gunn, --- F.3d ---, 2020 WL 6813995 (7th Cir. Nov. 20, 2020); United States v. Brooker, 976 F.3d 228 (2d Cir. 2020). It is not clear whether the First Circuit will adopt this approach, although it has affirmed a compassionate release denial from the District of Maine while noting with apparent approval that "the district court did consider other relevant circumstances not specifically enumerated in the guidelines en route to denying relief." See United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086 (D. Me. July 11, 2019), *aff'd*, No. 19-1785 (1st Cir. July 23, 2020). Given this backdrop, the Court has reviewed the materials submitted by Collamore to consider whether he presents any extraordinary and compelling reasons for a sentence reduction.

The Court acknowledges that Defendant appears to be in need of mental health treatment as well as medical care for various physical conditions that appear to be tied to the aging process. However, in the Court's current assessment, what outweighs these issues is the safety of the community. Given Defendant's lengthy criminal history and the lack of a detailed plan to address his mental health, the Court finds Collamore may be a danger to the community if he were immediately released. Thus, considering all of the circumstances of the underlying offense as well as all of the applicable § 3553(a) factors, the Court concludes on the record presented that Collamore does not present a combination of extraordinary and compelling reasons sufficient for this Court to exercise any additional discretion afforded under the evolving interpretation of 18 U.S.C. § 3582(c)(1)(A).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 15th day of December, 2020.