UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:10-cr-00158-GZS |
| WAYNE COLLAMORE, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant's Renewed Motion for Compassionate Release (ECF No. 59), as well as related Motions seeking appointment of counsel (ECF No. 60) and leave to proceed in forma pauperis (ECF No. 61). The Court last considered Defendant for compassionate release on December 15, 2020. Nothing in Defendant's current filing provides a basis for the Court to reconsider this earlier ruling. Therefore, the Court DENIES Defendant's Renewed Motion for the reasons stated in the Court's December 15, 2020 Order (ECF No. 58). Given this ruling, the Court DENIES the related Motions (ECF Nos. 60 & 61) as MOOT.

The Court additionally notes that Defendant's recent filings might be construed as seeking relief pursuant to 28 U.S.C. § 2241. (See ECF No. 59, PageID # 306; ECF No. 59-5, PageID #s 328-29.) Specifically, a liberal reading of Collamore's recent pro se filings suggests that he has failed to receive mental health treatment, including various exams and benefits from the Veteran's Administration "due to lack of cooperation from FCI Coleman." (See 1/15/21 Ltr. from Duffey (ECF No. 59-3), PageID # 323.) This Court is not the proper venue for such a petition challenging conditions and services at FCI Coleman. See, e.g., Estupinan-Gonzalez v. United States, No. 17-15586-J, 2018 WL 6919305, at *4 (11th Cir. Nov. 28, 2018) ("A § 2241 petition 'may only be

brought in the court having jurisdiction over the petitioner or his place of incarceration.'") (quoting Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985)); see also Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.")  Therefore, to the extent the pending filings could be read as motion for habeas relief under 28 U.S.C. § 2241, the Court DENIES this request for relief without prejudice to refiling in the proper forum.[1]

For the reasons just stated, the Court DENIES all of Defendant's pending Motions (ECF Nos. 59, 60 & 61).

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 3rd day of February, 2021.

---

[1] To the extent that this denial could be deemed subject to 28 U.S.C. § 2253(c), the Court concludes that no certificate of appealability should issue as to this ruling because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).